

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXSON~~
ATTORNEY GENERAL

Honorable W. A. Johnson
County Attorney
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. 0-6810
Re: Maximum salary for the County
Treasurer of Tom Green County for
1944 and 1945; employment of an
assistant who is the treasurer's
niece, and payment of salary to
her.

Your request for an opinion of this department upon the above questions reads as follows:

"During the year 1943 our county treasurer, Mr. O. M. Bennett, was ailing some, and was off from his work some, and procured the services of Mrs. Elizabeth Casey, who is his niece as an assistant. Later on his illness became extended to the extent that Mr. Bennett was confined, and it seemed that no one else was qualified to carry on the duties of his office, so Mrs. Casey continued to serve in the office. All this time Mr. Bennett paid Mrs. Casey for her services from his own funds.

"Can the Commissioners' Court authorize a refund to Mr. Bennett for the amount paid to Mrs. Casey for her services, and can they still pay her as an assistant to Mr. Bennett, as he still needs an assistant?

"(1940) The Federal Census gave Tom Green County, a population of 39,302. The total assessed valuation of property in Tom Green County, for the year 1944 was $25,239,425.00.

"The total assessed valuation of all property in Tom Green County, for the year 1945 is about $300,000.00 more than in 1944.

"What was Mr. Bennett's maximum salary for the year 1944? What is Mr. Bennett's maximum salary for the year 1945?"

Article 3912e, Section 13, Vernon's Annotated Civil Statutes, provides that Commissioners' Courts in counties having a population of 20,000 or more and less than 190,000 according to the last preceding Federal Census, shall fix the salaries of the officers named therein, including the County Treasurer. It also provides that each of said officers shall be paid a salary of "not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed to officers under laws existing on August 24, 1935." It further provides that in counties having a population of 37,500 and less than 60,000 according to the last preceding Federal Census, and having an assessed valuation in excess of $20,000,000.00 according to the last preceding approved tax roll of such county, the maximum amount allowed to officers as salary may be increased one per cent for each $1,000,000.00 valuation, or fractional part thereof, in excess of said $20,000,000.00 valuation over and above the maximum amount allowed to officers under laws existing August 24, 1935.

Article 3941 of said statutes, provides that the County Treasurer may receive commissions on the monies received and paid out by him, said commissions to be fixed by order of the Commissioners' Court, and to be not exceeding 2 1/2 per cent for receiving all monies for the county other than school funds and not exceeding 2 1/2 per cent for paying out the same.

Article 3943 of said statutes provides inpart that the commissions allowed to the County Treasurer shall not exceed $2,000.00 annually. There are some exceptions to this salary set out in said Article, but they do not apply to Tom Green County.

Under the above provisions of Article 3943, which were in effect on the dates material hereto, the County Treasurer of Tom Green County could have earned as commissions not exceeding the sum of $2,000.00 for the fiscal year 1935, and this was also the maximum amount that could have been allowed to him under laws existing on August 24, 1935. The Federal Census of 1940, which was the last preceding Federal Census prior to the years inquired about by you, showed the population of Tom Green County to be 39,302. The approved tax roll of Tom Green County for 1943 showed the assessed valuation to be $25,214,915.00, and such roll for 1944 showed said valuation of that year to be $25,239,425.00 Therefore, the maximum salary that the said County Treasurer could have been paid for the years 1944 and 1945 is the sum of $2,000.00 plus one per cent for each $1,000,000.00 valuation, or fractional part thereof, in excess of $20,000,000.00, which would be six per cent or $120.00 per annum, making such maximum salary that could have been allowed under the laws above referred to the sum of

$2,120.00 per annum.

Your attention is directed to the fact, however, that the last Legislature passed Senate Bill No. 123 which authorizes the Commissioners' Court to increase the salary of the County Treasurer of Tom Green County as much as 25 per cent. This law is now in effect and such increase could be allowed for the balance of this year if a proper order therefor is entered by the Commissioners' Court. Our Opinion No. 0-6677, a copy of which is enclosed herewith, contains a full discussion of this law and how and when it can be applied to the salary of the County Treasurer of your county. We also hand you for your information a copy of our Opinion No. 0-6646 which deals with the applicability of Senate Bill No. 123 to the salary of the treasurer of Galveston County.

Article 3902 of V.A.C.S. authorizes the appointment of a deputy, assistant or clerk by the County Treasurer to assist in the performance of his duties when the provisions of said Article are complied with, as held in our Opinion No. 0-4454, a copy of which is enclosed herewith. Therefore, it is our opinion that the County Treasurer of Tom Green County is entitled to a deputy, assistant or clerk when the provisions of said Article are complied with.

Article 432 of the Penal Code of Texas is as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree of consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

The method of computing the degree of consanguinity and of affinity is fully discussed in our Opinion No. 0-2383, a

copy of which is enclosed herewith.  In view of this opinion and the authorities mentioned therein, there is no question but that the niece of the County Treasurer of Tom Green County is within the prohibited degree, and that the County Treasurer cannot legally appoint her as his deputy, assistant or clerk, as such appointment would be in violation of the above article of the Penal Code.  This being true, the Commissioners' Court of Tom Green County cannot legally authorize a refund to the County Treasurer for the amount paid by him to said niece for her services, neither can they authorize payments for her services in the future as such deputy, assistant or clerk.

We think such payment would also be in violation of Article 3, Section 53, of the Constitution of Texas, which is as follows:

"The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a  contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law."

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:fb:wc
Enc.

APPROVED SEP 18, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman